# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60881-BLOOM/Valle

JUDITH MELFORD,

      Plaintiff,

v.

KAHANE AND ASSOCIATES, *et. al.*,

      Defendants.

_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Select Portfolio Servicing Inc., Towd Point Master Funding Trust REO, and U.S. Bank Trust National Association's Joint Motion to Dismiss, ECF No. [36] and Defendant Kahane & Associates, P.A.'s Motion to Dismiss, ECF No. [37] (the "Motions"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motions are granted.

## I.  BACKGROUND

Plaintiff Judith Melford f/k/a Judith P. Watkins ("Plaintiff") initiated this lawsuit on April 4, 2018 against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), breach of contract, and malicious prosecution. The Defendants seek to dismiss the Plaintiff's claims based upon the expiration of the statute of limitations, Florida's litigation privilege, the *Colorado River* abstention doctrine and the failure to plead sufficient causes of action.

According to Plaintiff's Complaint, on November 19, 2007, Plaintiff entered into a loan agreement ("the Loan") with Regions Bank d/b/a Regions Mortgage. ECF No. [1] at ¶ 31. The Loan was for the purchase of and secured by a residential property where Plaintiff and her

former spouse Michael P. Watkins resided. *Id.* at ¶ 34. On April 27, 2012, Plaintiff and Mr.
Watkins entered into a loan modification agreement (the "Loan Modification") with Regions
Bank, wherein Plaintiff was released from her obligations under the original Loan. *Id.* at ¶¶ 39-
41.

On February 1, 2016, Towd Point Master Funding Trust REO ("Towd") became the
successor-in-interest for the Loan. *Id.* at ¶ 43. U.S. Bank Trust National Association ("U.S.
Bank") is the trustee of Towd and is tasked to carry out functions on its behalf. *Id.* at ¶ 17.
Select Portfolio Servicing ("SPS") is an attorney-in-fact of Towd. *Id.* at ¶ 20. Kahane &
Associates, P.A. ("Kahane") was retained by SPS as attorney-in-fact for Towd and U.S. Bank to
attempt to collect the debt owed to Towd. *Id.* at ¶ 44.

On April 25, 2016, Kahane, on behalf of Towd and U.S. Bank, filed a foreclosure
proceeding against Plaintiff in the Circuit Court of the 5th Judicial Circuit in and for Citrus
County, Florida, Case No. 2016 CA 000336 ("State Court Action"). *Id.* at ¶ 45. Plaintiff waived
formal process of the State Court Action complaint on April 1, 2017. *Id.* ¶ 50. The State Court
Acton complaint alleged:

> 9. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS
> has defaulted under the Note and Mortgage by failing to pay the January 1, 2015
> payment and all subsequent payments due thereafter.
>
> …
>
> 12. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS,
> owes Plaintiff $193,794.32 that is due on the principal on the Note and Mortgage,
> together with interests from December 1, 2014, late charges, all costs of collection
> (including title search expenses for ascertaining necessary parties to this action),
> and reasonable attorney's fees.

On June 12, 2017, Kahane filed a motion for entry of a default in the State Court Action and on
June 16, 2017, an Order of Default was entered against Plaintiff. *Id.* at ¶ 53. On July 14, 2017,

Kahane filed a motion for summary judgment on behalf of Towd, U.S. Bank, and SPS and on July 31, 2017, Plaintiff was voluntarily dismissed from the State Court Action. *Id.* at ¶¶ 66, 69. Plaintiff thereafter sought and was denied recovery of her attorney's fees and costs associated with the State Court Action. *Id.* at ¶¶ 70-71. The order denying Plaintiff's motion for attorney's fees is currently on appeal with the Fifth District Court of Appeals. *Id.* at ¶ 72.

Plaintiff alleges that from June 2016 through July 2017, Plaintiff communicated to all Defendants that pursuant to the Loan Modification, Plaintiff was no longer obligated on the Loan. *Id.* at ¶ 55. Plaintiff further alleges that from June 2017 through July 2017, all Defendants continuously represented to Plaintiff that she was legally liable for the payment of the subject debt and continued their attempts to collect the subject debt from Plaintiff. *Id.* at ¶ 59.

Defendants filed the instant Motions on July 2, 2018. Plaintiff's Responses, and Defendants' Replies, timely followed. *See* ECF Nos. [40], [41], [46], [47].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are

required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

In addition to the Rule 8(a) plausibility pleading requirement, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud: "In alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed.Appx. 81, 86 (11th Cir. 2008). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Clausen*, 290 F.3d at 1310 (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F. 3d 1194, 1202 (11th Cir. 2001)); *see also Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1262 (11th Cir. 2006) (Rule 9(b) requires that the complaint state the "who, what, when, where, and how" of the alleged misconduct).

The purpose of the Rule 9(b) particularity requirement is to "alert[ ] defendants to the precise misconduct with which they are charged and protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba*, 256 F.3d at 1202 (internal quotations omitted). "Essentially, the requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) (quotations omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F. 3d 1273, 1277 (11th Cir. 2006) ("The rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.") (quotations omitted).

## III.    DISCUSSION

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers, and prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."   15 U.S.C. § 1692f; *see* 15 U.S.C. § 1692e; *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).   Under the FDCPA, a debt collector who "fails to comply with any provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and "additional damages."   15 U.S.C. § 1692k(a).   "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA."   *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011) (citing *Wise v. Cach*, 2010 WL 1257665, *2 (S.D. Fla. Mar. 26, 2010)).

### 1.    FDCPA – COUNT I

Plaintiff's FDCPA claim is subject to a one-year statute of limitations.   15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought ... within one year from the date on which the violation occurs.").   Plaintiff's Complaint was filed more than one year after the underlying State Court Action had been initiated.   Plaintiff agrees that her FDCPA claim would be time-barred if it was based solely on Defendants' roles in filing the complaint in the State Court Action.   *See* ECF No. [41] at 5.   However, Plaintiff seeks to avoid the time bar by contending that she has sufficiently "alleged continuous and discrete violations of the FDCPA which occurred during the course of the litigation, each of which constitutes FDCPA

violations." *Id.* Specifically, Plaintiff points to her allegations that, in the State Court Action, Defendants filed a motion for entry of default, Defendants filed a motion for summary judgment, SPS signed an affidavit in support Defendants' Motion for Summary Judgment, and Defendants refused to dismiss the complaint. *Id.* at 6.

The Eleventh Circuit has determined, as has every other court to consider the issue, that "where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit . . . the clock beings to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 929–30 (11th Cir. 2017). Moreover, the general course of litigation does not give rise to continuing FDCPA violations. *See Parker v. Pressler & Pressler, LLP,* 650 F. Supp. 2d 326, 341 (D. N.J. 2009) ("The course of litigation is not, in itself, a 'continuing violation' of the FDCPA."); *Kimmel v. Phelan Hallinan & Schmieg, P.C.,* 847 F. Supp. 2d 753, 767 (E.D. Pa. 2012) ("[p]articipation in debt collection litigation does not qualify as a continuing violation under the FDCPA."); *see also Naas v. Stolman,* 130 F.3d 892, 892–93 (9th Cir. 1997) (statute of limitations for FDCPA claim began when the debt collection lawsuit was filed because "filing a complaint is the debt collector's last opportunity to comply with the [FDCPA]."); *Zenon v. Palisades Collection, LLC,* No. 8:07–cv–2198–T–30–MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) ("The alleged misconduct ... and the misrepresentation of Plaintiff s debt culminated in the filing of the lawsuit. The one year limitation period began [to] run when the lawsuit was filed.").

These holdings are consistent with the well-settled principle pertaining to FDCPA claims that "where statements concerning the status of a debt are new communications concerning an old claim, the statements do not start a fresh statute of limitations period." *Reese v. JPMorgan*

*Chase & Co.*, 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009).  Here, the litigation conduct that Plaintiff alleges constitutes discrete FDCPA violations involves Defendants repeatedly asserting that Plaintiff owed the full amount outstanding on the subject debt — the very basis for the filing of State Court Action.  Thus, the Court finds that Defendants' alleged litigation conduct relates back to the original filing of the state action.  As such, the FDCPA action is time-barred to the extent that it is based on conduct in the State Court Action.

In addition to the litigation conduct, Plaintiff alleges that violations stemmed from "communications to Plaintiff outside of court."  ECF No. [1] at ¶ 75.  Namely, Defendants continuously represented to Plaintiff that she was legally liable for the payment of the subject debt, and continued to collect the subject debt from Plaintiff at various times from June 2016 through July 2017.  *Id.* at ¶ 59.  Defendants argue that Plaintiff's claims of false representation must be pled with particularity under Rule 9(b) and that the allegations regarding communications made to Plaintiff outside of court are too vague to form a cause of action under either Rule 9(b) or 8(a).

Courts that have addressed the issue of whether the pleading requirements of Rule 9(b), rather than Rule 8(a)(2), apply to FDCPA claims have reached different conclusions.  *See Sanchez v. United Collection Bureau, Inc.*, No. 1:07-CV-2478, 2008 WL 11407377, at *3 (N.D. Ga. Feb. 6, 2008) (collecting cases).  This Court agrees with the courts that have determined that claims of false representation under the FDCPA must be pled with particularity pursuant to Rule 9(b).  Alleged false representations under 15 U.S.C. § 1692e are "averments of fraud" as contemplated by Rule 9(b).  *See id.* (citing *U.S. ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551 (D.C. Cir. 2002)).  Here, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e through false representations regarding the character, amount, and legal status of the subject

debt. ECF No. [1] at ¶ 75. Thus, the heightened pleading standard applies to Plaintiff's FDCPA claim.

Plaintiff has not satisfied the heightened pleading requirements of Rule 9(b) with respect to the allegations regarding communications made outside of court. Plaintiff does not describe the nature, form or substance of the communications, which particular Defendant made the communications, or the specific timing of the communications. Thus, Plaintiff has failed to state a claim for a violation of the FDCPA, which shall be dismissed with leave granted to amend.[1] The Court notes that any conduct that allegedly "occurred during the course of a judicial proceeding *and* had a substantial relation to that proceeding" will be barred by the privilege. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1276 (11th Cir. 2004).

Having dismissed the only federal cause of action, and finding that Plaintiff has failed to adequately plead diversity jurisdiction,[2] the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. However, to provide additional guidance to the parties, given that Plaintiff is permitted leave to amend the FDCPA claim, the Court will address each state law claim in turn.

## 2. FCCPA

"Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings." *BellSouth*, 372 F.3d at 1274-75. The privilege initially

---

[1] The Court finds that Plaintiff's FDCPA claim is not barred by Florida's litigation privilege. *See Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1380 n.4 (S.D. Fla. 2008) (declining to apply the litigation privilege to FDCPA claim).

Additionally, the Court is unpersuaded by Defendants' argument that Plaintiff lacks Article III standing to bring the FDCPA claim because she fails to show an injury in fact. ECF No. [36] at 7-8. To the extent that Plaintiff is required to allege actual injuries, Plaintiff has done so. *See* ECF No. [1] at ¶¶ 76-77.

[2] Plaintiff has failed to allege her domicile. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("domicile requires both residence in a state and an intention to remain there indefinitely." (internal quotation omitted))

developed to protect litigants and attorneys from liability for acts of defamation, but has since

been extended to cover all acts related to and occurring within judicial proceedings. *Id.* at 1274-

75 (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*,

639 So. 2d 606, 607-08 (Fla. 1994); *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*,

950 So.2d 380, 384 (Fla. 2007) (holding Florida law provides complete judicial immunity "to

any act occurring during the course of a judicial proceeding ... so long as the act has some

relation to the proceeding.").

Because this Court applies Florida law in evaluating the plaintiff's state-law claims,

Florida's litigation privilege applies to state-law claims adjudicated in federal court. *Zucker for

BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856 F.3d 1343, 1349 (11th Cir. 2017). The

litigation privilege has been applied FCCPA claims, and this Court knows of no decision to the

contrary. *See, e.g.*, *Echevarria*, 950 So. 2d 380 at 381, 384; *Solis v. CitiMortgage, Inc.*, 699 F.

App'x 891, 894 (11th Cir. 2017); *Lima v. Bank of Am., N.A.*, 249 F. Supp. 3d 1308, 1313 (S.D.

Fla. 2017).

Plaintiff argues that the Court should extend the reasoning in *Debrincat v. Fischer*, where

the Florida Supreme Court declined to extent the litigation privilege to malicious prosecution

claims. The Supreme Court reasoned that because "the first element of a claim for malicious

prosecution is that an original criminal or civil judicial proceeding against the present plaintiff

was commenced or continued," "[a]pplying the litigation privilege [to a malicious prosecution

claim] would eviscerate this long-established cause of action…" *Debrincat v. Fischer*, 217 So.

3d 68, 70 (Fla. 2017) (internal quotations omitted). However, this Court is unpersuaded that the

reasoning in *Debrincat* supports excluding FCCPA claims from the litigation privilege.

Applying the litigation privilege to FCCPA claims does not have (and has not had) the effect of

eviscerating that cause of action. Thus, Plaintiff's FCCPA claim is barred by Florida's litigation privilege.

As with Plaintiff's FDCPA claim, the FCCPA claim is dismissed with leave to amend. The Court notes that any conduct that allegedly "occurred during the course of a judicial proceeding *and* had a substantial relation to that proceeding" will be barred by the privilege. *BellSouth*, 372 F.3d at 1276.

### 3. <u>Breach of Contract</u>

Plaintiff alleges that by initiating the State Court Action, Defendants breached the provision of the Loan Modification stating:

> [Regions Bank d/b/a Regions Mortgage] does hereby consent to the assumption by [Michael P. Watkins] of the indebtedness owed subject to the terms, conditions, and modifications herein stated and does hereby release [Judith Melford] from obligations under the Note and Security Instrument

ECF No. [1] at ¶¶ 40, 86. The breach caused Plaintiff to incur damages of attorney's fees to defend the State Court Action. *Id.* at ¶ 87. Defendants argue that the *Colorado River* Doctrine bars recovery of attorney's fees incurred by Plaintiff in the State Court Action.

### A. *Colorado River* Legal Standard

"*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal and Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). "To determine whether abstention is merited under *Colorado River*, a court must decide as a threshold matter whether there is a parallel state action—that is, 'one involving *substantially the same parties* and *substantially the same issues*.' " *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (emphasis added)). The state and federal cases need not share identical parties

and issues to be considered parallel for purposes of *Colorado River* abstention. *Ambrosia Coal*, 368 F.3d at 1329-30; *see also Sini*, 990 F. Supp. 2d at 1376; *O'Dell v. Doychak*, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006) ("Parallel proceedings do not have to involve identical parties, issues and requests for relief."); *Hendricks v. Mortgage Elec. Registration Sys., Inc.*, 2013 WL 1279035, at *2 (M.D. Fla. Mar. 28, 2013) ("[I]f the abstention doctrine required identical parties in a federal and state case, only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties.") (quotation omitted).

Assuming satisfaction of that threshold issue, the Eleventh Circuit "has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the for a obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal*, 368 F.3d at 1331. "[N]o one factor is necessarily determinative, ... [and] the factors must be considered flexibly and pragmatically, not as a 'mechanical checklist.'" *Ambrosia Coal*, 368 F.3d at 1332 (quoting *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 16).

### B. Parallel Proceedings

While not identical, the parties and issues in the State Court Action and the instant matter are sufficiently similar and interrelated to render the two cases parallel proceedings for purposes of the *Colorado River* analysis. Plaintiff filed a motion for attorney's fees and costs as the prevailing party against Towd and U.S. Bank in the State Court Action, which is currently on appeal. ECF No. [1] at ¶¶ 70, 72. Each of those entities is a party in the present case. And SPS

and Kahane are allegedly attorneys-in-fact of Towd and U.S. Bank. As to the issues, both the motion on appeal in State Court and the alleged breach of contract seek attorney's fees and costs that Plaintiff allegedly incurred in the State Court Action. Accordingly, the Court finds that the parties and issues are sufficiently similar.

### C. *Colorado River* Factors

#### i. Jurisdiction Over Property

The first *Colorado River* factor asks if one court assumed jurisdiction over property before the other court. Where "there is no real property at issue," this factor does not favor abstention. *Jackson–Platts,* 727 F.3d at 1141 (quoting *Maharaj v. Sec'y for Dep't of Corr.,* 432 F.3d 1292, 1306 (11th Cir. 2005) (first factor is unhelpful when there is no real property at issue). Because this is not an *in rem* proceeding, this factor cannot favor abstention.

#### ii. Inconvenience of the Federal Forum

"When the federal and state courts are located in the same geographical area, courts routinely deem this factor to be neutral." *Rambaran v. Park Square Enter., Inc.,* 2008 WL 4371356, at *4 (M.D. Fla. Sep.22, 2008). Where "the federal forum and the state forum are equally convenient[,] this factor ... cuts against abstention." *Jackson–Platts,* 727 F.3d at 1141 (courts were in same geographic area). The parties have not provided any indication as to which forum is more convenient. As such, this factor does not favor abstention.

#### iii. Potential for Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Hendricks,* 2013 WL 1279035 at *4 (quoting *R.R. St. & Co. v. Transp. Ins. Co.,* 656 F.3d 966, 979 (9th Cir.2011)). Permitting the

litigation of this issue in two fora will result in piecemeal litigation. More importantly, there is the potential for inconsistent rulings. This factor weighs in favor of abstention.

      iv.    <u>Order In Which the Fora Obtained Jurisdiction</u>

This factor asks which forum acquired jurisdiction first. "What matters is not so much the 'chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier.'" *Jackson–Platts*, 727 F.3d at 1142 (quoting *TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1295 (11th Cir.1998)). "Progress" in this sense refers to, for example, the extent of discovery and engagement in substantive motions. *See Am. Bankers,* 891 F.2d at 885.

Plaintiff's motion for attorney's fees in the State Court Action was denied on December 12, 2017, and was appealed to the District Court of Appeal for the Fifth Circuit prior to initiating this lawsuit. In contrast, this Order is this Court's first engagement with the issue, and Plaintiff has not argued otherwise. Accordingly, this factor weighs in favor of abstention.

      v.    <u>Application of State Law</u>

The fifth factor asks whether federal law or state law provides the rule of decision. "But this factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve." *Jackson–Platts,* 727 F.3d at 1143; *see Am. Bankers,* 891 F.2d at 886 (determining that this factor did not favor dismissal where the action "d[id] not ... involve complex questions of state law that would best be resolved by a state court"); *Noonan S., Inc. v. Volusia Cty.*, 841 F.2d 380, 382 (11th Cir. 1988) (despite the fact that all claims at issue were governed by Florida law, this factor did not favor abstention because the case "d[id] not involve complex questions of state law that a state court might be best suited to resolve"). Nothing

suggests that the issue here raises any complex or unique questions of state law best reserved for decision by a state court. This factor weighs against abstention.

 vi. <u>Adequacy of the Fora to Protect the Parties' Rights</u>

The final factor considers the adequacy of the respective forums to protect the parties' rights. "The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed. This factor will only weigh in favor or against dismissal when one of the forums is inadequate to protect a party's rights." *Noonan S.,* 841 F.2d at 383. No one has suggested that either court would be unable to protect the parties' respective rights, thus this factor is neutral.

Having conducted a careful balancing of the important factors as they apply in this case, with the balance weighted in favor of abstention, the Court concludes abstention is proper as to Plaintiff's request for attorney's fees incurred in the State Court Action. Accordingly, Plaintiff's breach of contract claim is barred by the *Colorado River* Doctrine.

 **4. Malicious Prosecution**

To state a claim for malicious prosecution, Plaintiff must allege the following: (1) a civil judicial proceeding against Plaintiff was commenced or continued; (2) Defendants were the legal cause of the original proceeding against Plaintiff; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of Plaintiff (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of Defendants; and (6) Plaintiff suffered damage as a result of the original proceeding. *See Alamo Rent–A–Car, Inc. v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994) (citations omitted). Defendants argue that Plaintiff's malicious prosecution claim must be dismissed because Plaintiff failed to

sufficiently allege facts to support the elements of bona fide termination, malice, and damages. As explained below, the Court rejects these arguments.

### A. Bona Fide Termination

A "bona fide termination" of the proceedings has been described as

> a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit.

*Doss v. Bank of Am., N.A.*, 857 So. 2d 991, 994 (Fla. 5th DCA 2003). "Whether a voluntary dismissal qualifies as a 'bona fide termination' of the proceedings in the defendant's favor depends upon the reasons and circumstances underlying the dismissal. *Cohen v. Corwin*, 980 So. 2d 1153, 1156 (Fla. 4th DCA 2008). "Sometimes a voluntary dismissal is reflective of the merits, such as where the allegations in the underlying complaint are demonstrated to be false and there is evidence the plaintiff knew they were false, and other times, such as where there is a dismissal as a consequence of a stipulation or settlement or because of a statute of limitations defense, it is not." *Id.*

In *Cohen*, the plaintiff alleged that defendant took a voluntary dismissal of certain claims in the underlying action because there was not a factual basis to support those claims and because he did not have probable cause or an evidentiary basis to support the allegations. *Id.* Accepting those allegations as true, the court found a bona fide termination of the underlying claims in favor of plaintiff. *Id.*

Here, Plaintiff alleges that Defendants voluntarily dismissed the State Court Action as to Plaintiff and that Defendants admitted that Plaintiff is not obligated on the subject debt. ECF No. [1] at ¶ 95. Plaintiff further alleges that subsequent to the dismissal, a final judgment of

foreclosure on the subject debt was entered against Michael P. Watkins. *Id.* The Court finds that the voluntary dismissal of the State Court Action is reflective of the merits, and therefore constitutes a bona fide termination of the State Court Action in favor of Plaintiff.

## B. Malice

To state a claim for malicious prosecution, Plaintiff must allege that Defendants acted with malice in prosecuting the State Court Action. Plaintiff "need not allege actual malice; legal malice is sufficient and may be inferred from ... a lack of probable cause." *Durkin v. Davis,* 814 So.2d 1246, 1248 (Fla. 2d DCA 2002). Plaintiff alleges that despite continuously communicating to Defendants that pursuant to the Loan Modification she was no longer obligated on the loan, Defendants still continued to prosecute the State Court Action. ECF No. [1] at ¶¶ 55, 59. The Court finds that Plaintiff has sufficiently alleged malice.

## C. Damages

According to the Complaint, as a result of the malicious prosecution, Plaintiff was forced to pay her attorney's fees for defending the State Court Action and she suffered non-economic damages, such as depression and emotional distress. *Id.* at ¶¶ 98-99.

For the same reasons as in Section 3 herein, abstention is proper as to Plaintiff's request for attorney's fees incurred in the State Court Action. Additionally, the Florida Supreme Court has held that "[a]t common law successful defendants could either tax costs and fees in the original action, or they could sue for malicious prosecution upon the basis of those losses; they could not do both." *Cate v. Oldham*, 450 So. 2d 224, 227 (Fla. 1984). Plaintiff has sought recovery of attorney's fees in the State Court Action, and her appeal is currently pending before the Fifth District Court of Appeal. Plaintiff may not seek double recovery for her attorney's fees incurred in the State Court Action by bringing a malicious prosecution claim.

Plaintiff also alleges that she suffered non-economic damages as a result of the prosecution of the State Court Action. Under Florida law, non-economic damages "are legitimate grounds for monetary relief in an action for malicious prosecution." *Ware v. United States*, 971 F. Supp. 1442, 1471 (M.D. Fla. 1997). Thus, Plaintiff may seek recovery for non-economic damages resulting from the alleged malicious prosecution.

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Select Portfolio Servicing Inc., Towd Point Master Funding Trust REO, and U.S. Bank Trust National Association's Joint Motion to Dismiss, **ECF No. [36],** is **GRANTED.**

2. Defendant Kahane & Associates, P.A.'s Motion to Dismiss, **ECF No. [37]**, is **GRANTED**.

3. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff is permitted to file her Amended Complaint no later than **October 26, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record