UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60881-BLOOM/Valle

JUDITH MELFORD,

    Plaintiff,

v.

KAHANE AND ASSOCIATES, *et. al.*,

    Defendants.
_____/

## DEFENDANT, KAHANE AND ASSOCIATES, P.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, DEFENDANT KAHANE AND ASSOCIATES, P.A., by and through its undersigned counsel, and files this its Motion to Dismiss Plaintiff's Amended Complaint as to Count II and for the reasons below, states as follows:

**I. BACKGROUND**

As previously reviewed by this court, Plaintiff Judith Melford f/k/a Judith P. Watkins ("Plaintiff") initiated this lawsuit on April 4, 2018 against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), breach of contract, and malicious prosecution. The original Complaint was dismissed by this Court's order granting Defendants' Motions to Dismiss the Plaintiff's claims based upon the expiration of the statute of limitations, Florida's litigation privilege, the *Colorado River* abstention doctrine and the failure to plead sufficient causes of action. Pursuant to this court's order, the Plaintiff's claims under the FCCPA were dismissed under Florida's litigation privilege and the FDCPA claim was dismissed based upon the statute of limitations. The court granted Plaintiff leave to amend but provided a detailed explanation and ruling regarding problematic areas

in asserting a FDCPA under the present factual allegations. The court in its order provided a specific time line and procedural history of the factual allegations in the case. Particularly, the court stated "On April 25, 2016, Kahane, on behalf of Towd and U.S. Bank, filed a foreclosure proceeding against Plaintiff in the Circuit Court of the 5th Judicial Circuit in and for Citrus County, Florida, Case No. 2016 CA 000336 ("State Court Action"). *Id.* at ¶ 45. Plaintiff waived formal process of the State Court Action complaint on April 1, 2017. *Id.* ¶ 50. The State Court Acton complaint alleged:

> 9. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS has defaulted under the Note and Mortgage by failing to pay the January 1, 2015 payment and all subsequent payments due thereafter
>
> 12. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS, owes Plaintiff $193,794.32 that is due on the principal on the Note and Mortgage, together with interests from December 1, 2014, late charges, all costs of collection (including title search expenses for ascertaining necessary parties to this action), and reasonable attorney's fees.

The court further noted the procedural history of the underlying foreclosure action in its previous order outlining the alleged litigation conduct.

## II.   LEGAL STANDARD

Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required

to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)

**III.    Legal Argument**

As previously noted, Plaintiff's FDCPA claim is subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought ... within one year from the date on which the violation occurs."). The court has previously determined in its Order that Plaintiff's Complaint was filed more than one year after the underlying State Court Action had been initiated. Despite this clear and unambiguous direction from the Court, Plaintiff's Amended Complaint fails to contain any factual allegations which assert a violation of the FDCPA which is not subject to statute of limitations. The Eleventh Circuit has

determined, as has every other court to consider the issue, that "where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit . . . the clock beings to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 929–30 (11th Cir. 2017).  Moreover, the general course of litigation does not give rise to continuing FDCPA violations. *See Parker v. Pressler & Pressler, LLP,* 650 F. Supp. 2d 326, 341 (D. N.J. 2009) ("The course of litigation is not, in itself, a 'continuing violation' of the FDCPA."); *Kimmel v. Phelan Hallinan & Schmieg, P.C.,* 847 F. Supp. 2d 753, 767 (E.D. Pa. 2012) ("[p]articipation in debt collection litigation does not qualify as a continuing violation under the FDCPA."); *see also Naas v. Stolman,* 130 F.3d 892, 892–93 (9th Cir. 1997) (statute of limitations for FDCPA claim began when the debt collection lawsuit was filed because "filing a complaint is the debt collector's last opportunity to comply with the [FDCPA]."); *Zenon v. Palisades Collection, LLC,* No. 8:07–cv–2198–T–30–MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) ("The alleged misconduct ... and the misrepresentation of Plaintiff s debt culminated in the filing of the lawsuit.  The one-year limitation period began [to] run when the lawsuit was filed.").  The court was clear in its order by stating that "These holdings are consistent with the well-settled principle pertaining to FDCPA claims that "where statements concerning the status of a debt are new communications concerning an old claim, the statements do not start a fresh statute of limitations period." *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009).  The factual allegations asserted in the Amended Complaint still reference the litigation conduct of Defendants repeatedly asserting that Plaintiff owed the full amount outstanding on the subject debt — the very basis for the filing of State Court Action.  Thus, the Court has already held that Defendants' alleged litigation conduct relates back to the original filing of the state action.  As such, the FDCPA action is time-barred to the extent that it is based on conduct in the State Court Action.

The Plaintiff was provided an additional opportunity to cure the vague and generalize factual allegations of communications made outside the course of litigation which may tend to circumvent the statute of limitations. As noted by Co-Defendants in their Motion to Dismiss, the actual statements were made by the Plaintiff, not any of the Defendants. Again, the communications were made within the litigation conduct which are not separate and independent actions to be deemed a "continuing" violation. The court was clear in holding that any FDCPA allegation that is based on the litigation conduct is barred for failure to bring the action within one year from the dated of service of the State Foreclosure Action. Any factual allegation that is not related to the litigation must be actually a violation and timely filed. The Plaintiff has clearly failed to allege any actionable FDCPA violation that would not be subject to the statute of limitations.

**IV. Conclusion**

WHEREFORE, Defendant, KAHANE AND ASSOCIATES, P.A., respectfully request this Court grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint as to the FDCPA allegation.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **November 19, 2018**, via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

>  /s/ Ernest H. Kohlmyer, III
>  Ernest H. Kohlmyer, III
>  FBN: 110108/Skohlmyer@shepardfirm.com
>  Shepard, Smith, Kohlmyer & Hand, P.A.
>  2300 Maitland Center Parkway, Suite 100
>  Maitland, Florida 32751
>  (407) 622-1772/Fax: (407) 622-1884
>  *Attorneys for Kahane & Associates, P.A.*