UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60881-BLOOM/Valle

JUDITH MELFORD,

    Plaintiff,

v.

KAHANE AND ASSOCIATES, *et. al.*,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Select Portfolio Servicing Inc., Towd Point Master Funding Trust REO, and U.S. Bank Trust National Association's Joint Motion to Dismiss Count II of the Amended Complaint, ECF No. [57], and Defendant Kahane & Associates, P.A.'s Motion to Dismiss the Amended Complaint, ECF No. [60], (the "Motions"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motions are granted.

**I.   BACKGROUND**

Plaintiff Judith Melford f/k/a Judith P. Watkins ("Plaintiff") initiated this lawsuit on April 4, 2018 against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act, breach of contract, and malicious prosecution. The Court dismissed Plaintiff's original Complaint on October 17, 2018, permitting Plaintiff leave to file an Amended Complaint on or before October 26, 2018. *See* ECF No. [53] ("Order of Dismissal") at 18.

Plaintiff filed an Amended Complaint on October 26, 2018, asserting a Malicious Prosecution claim (Count I) and an FDCPA claim (Count II). Defendants again seek to dismiss Plaintiff's FDCPA claim based upon the expiration of the statute of limitations.

According to Plaintiff's Amended Complaint, on November 19, 2007, Plaintiff entered into a loan agreement ("the Loan") with Regions Bank d/b/a Regions Mortgage. ECF No. [54] at ¶ 36. The Loan was for the purchase of and secured by a residential property where Plaintiff and her former spouse Michael P. Watkins resided. *Id.* at ¶ 38. On April 27, 2012, Plaintiff and Mr. Watkins entered into a loan modification agreement (the "First Loan Modification") with Regions Bank, wherein Mr. Watkins became a co-obligor on the subject debt. *Id.* at ¶¶ 40-41. On April 17, 2012, Plaintiff and Mr. Watkins entered into a second loan modification agreement (the "Second Loan Modification") with Regions Bank, which released Plaintiff from obligations under the subject debt. *Id.* at ¶¶ 44-46.

On February 1, 2016, Towd Point Master Funding Trust REO ("Towd") became the successor-in-interest for the Loan. *Id.* at ¶ 48. U.S. Bank Trust National Association ("U.S. Bank") is the trustee of Towd and is tasked to carry out functions on its behalf. *Id.* at ¶ 49. Select Portfolio Servicing ("SPS") is an attorney-in-fact of Towd. *Id.* at ¶ 52. Kahane & Associates, P.A. ("Kahane") was retained by SPS as attorney-in-fact for Towd and U.S. Bank to attempt to collect the debt owed to Towd. *Id.* at ¶ 49.

On April 25, 2016, Kahane, on behalf of Towd and U.S. Bank, filed a foreclosure proceeding against Plaintiff in the Circuit Court of the 5th Judicial Circuit in and for Citrus County, Florida, Case No. 2016 CA 000336 ("State Court Action"). *Id.* at ¶¶ 50-51. Attached to the State Court Action Complaint was a copy of the original promissory note, the First Loan

Modification, and the Second Loan Modification. *Id.* at ¶ 51. The State Court Action complaint alleged:

> 9. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS has defaulted under the Note and Mortgage by failing to pay the January 1, 2015 payment and all subsequent payments due thereafter.
>
> …
>
> 12. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS, owes Plaintiff $193,794.32 that is due on the principal on the Note and Mortgage, together with interests from December 1, 2014, late charges, all costs of collection (including title search expenses for ascertaining necessary parties to this action), and reasonable attorney's fees.

*Id.* at ¶ 52.

On June 12, 2017, Kahane filed a motion for entry of a default in the State Court Action and on June 16, 2017, an Order of Default was entered against Plaintiff. *Id.* at ¶¶ 64-65. On July 14, 2017, Kahane filed a motion for summary judgment on behalf of Towd, U.S. Bank, and SPS. *Id.* at ¶ 71. Filed with the motion for summary judgment was an affidavit of indebtedness, attached to which was the promissory note but not the Second Loan Modification. *Id.* at ¶ 73. On July 31, 2017, Plaintiff was voluntarily dismissed from the State Court Action. *Id.* at ¶ 75.

Plaintiff alleges that from June 2016 through July 2017, Plaintiff communicated to all Defendants that she had been released from the debt through a loan modification. *Id.* at ¶ 55.

Defendants filed the instant Motions on November 8, 2018, and November 19, 2018, respectively. Plaintiff's Responses, and Defendants' Replies, timely followed. *See* ECF Nos. [61], [62], [63], [69].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a

3

complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint

and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc*., 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

In addition to the Rule 8(a) plausibility pleading requirement, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed.Appx. 81, 86 (11th Cir. 2008).  "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  *Clausen*, 290 F.3d at 1310 (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F. 3d 1194, 1202 (11th Cir. 2001)); *see also Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1262 (11th Cir. 2006) (Rule 9(b) requires that the complaint state the "who, what, when, where, and how" of the alleged misconduct).

The purpose of the Rule 9(b) particularity requirement is to "alert[ ] defendants to the precise misconduct with which they are charged and protect[ ] defendants against spurious

5

charges of immoral and fraudulent behavior." *Ziemba*, 256 F.3d at 1202 (internal quotations omitted). "Essentially, the requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) (quotations omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F. 3d 1273, 1277 (11th Cir. 2006) ("The rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.") (quotations omitted).

### III. DISCUSSION

As the Court detailed in its Order of Dismissal, Plaintiff's FDCPA claim is subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). The Eleventh Circuit has determined, as has every other court to consider the issue, that "where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit . . . the clock beings to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 929–30 (11th Cir. 2017). The Order of Dismissal explained that the general course of litigation does not give rise to continuing FDCPA violations. *See Parker v. Pressler & Pressler, LLP,* 650 F. Supp. 2d 326, 341 (D. N.J. 2009) ("The course of litigation is not, in itself, a 'continuing violation' of the FDCPA."); *Kimmel v. Phelan Hallinan & Schmieg, P.C.,* 847 F. Supp. 2d 753, 767 (E.D. Pa. 2012) ("[p]articipation in debt collection litigation does not qualify as a continuing violation under the FDCPA."); *see also Naas v. Stolman,* 130 F.3d 892, 892–93 (9th Cir. 1997) (statute of limitations for FDCPA claim began when the debt collection lawsuit was filed because "filing a complaint is the debt collector's last opportunity to comply with the [FDCPA]."). Here, Plaintiff's Complaint was filed more than

Case 0:18-cv-60881-BB   Document 73   Entered on FLSD Docket 01/16/2019   Page 7 of 9

Case No. 18-cv-60881-BLOOM/Valle

one year after the underlying State Court Action had been initiated.  In concluding that Plaintiff's FDCPA claim is time-barred, this Court reasoned:

> the litigation conduct that Plaintiff alleges constitutes discrete FDCPA violations involves Defendants repeatedly asserting that Plaintiff owed the full amount outstanding on the subject debt — the very basis for the filing of State Court Action.  Thus, the Court finds that Defendants' alleged litigation conduct relates back to the original filing of the state action.

ECF No. [53] at 8.

The Court granted Plaintiff leave to file an Amended Complaint to plead with particularity any communications by Defendants to Plaintiff which occurred outside of the State Court Action that allegedly form the basis of an FDCPA claim.  In the Amended Complaint, Plaintiff has not identified any such communications, much less complied with the heightened pleading requirements of Rule 9(b).  *See* ECF No. [53] at 8 (holding that claims of misrepresentations under the FDCPA must be pled with particularity pursuant to Rule 9(b)).

Instead, as in Plaintiff's briefing on the motion to dismiss the original Complaint, Plaintiff contends that Defendants' filings in, and prosecution of, the State Court Action, constitute FDCPA violations distinct from the filing of the State Court Action, and are therefore not time-barred.  Specifically, Plaintiff points to Defendants' filing a motion for entry of default, filing a motion for summary judgment and affidavit of indebtedness in support, and malicious prosecution of the State Court Action.

Plaintiff relies on *Miljkovic*, in which the Eleventh Circuit held that "representations made by an attorney in court filings during the course of debt-collection litigation are actionable under the FDCPA" absent a statutory exception. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1295 (11th Cir. 2015). *Miljkovic*, however, did not involve a dispute as to whether the FDCPA claim was timely filed.  The Court agrees with Plaintiff that litigation activity may

constitute an FDCPA violation, but the Court is not persuaded that the alleged conduct in the State Court Action amounted to more than the continuation of the course of litigation. The Court reiterates its finding in the Order of Dismissal that the litigation conduct that Plaintiff alleges constitutes discrete FDCPA violations involves Defendants asserting that Plaintiff owed the full amount of the subject debt, which is the very basis for the filing of the State Court Action. Thus, the alleged litigation conduct relates back to the filing of the State Court Action. As such, Plaintiff's FDCPA claim is time-barred.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Select Portfolio Servicing Inc., Towd Point Master Funding Trust REO, and U.S. Bank Trust National Association's Joint Motion to Dismiss Count II of the Amended Complaint, **ECF No. [57],** is **GRANTED.**

2. Defendant Kahane & Associates, P.A.'s Motion to Dismiss the Amended Complaint, **ECF No. [60]**, is **GRANTED**.

3. Count II of the Amended Complaint, ECF No. [54], is **DISMISSED WITH PREJUDICE**.

4. To the extent they have not already done so, Defendants shall file their respective Answers to Plaintiff's Amended Complaint **no later than January 23, 2019.**

**DONE AND ORDERED** in Miami, Florida, this 15th day of January, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 18-cv-60881-BLOOM/Valle

Copies to:

Counsel of Record