## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60881-BLOOM/Valle

JUDITH MELFORD,

      Plaintiff,

v.

KAHANE AND ASSOCIATES, *et. al.*,

      Defendants.

_____/

### ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Kahane & Associates, P.A.'s ("Kahane") Motion for Final Summary Judgment, ECF No. [77] ("Kahane's Motion"), Defendants Towd Point Master Funding Trust REO ("Towd"), U.S. Bank Trust ("U.S. Bank"), and Select Portfolio Servicing, Inc.'s ("SPS") Motion for Final Summary Judgment, ECF No. [80] ("Joint Defense Motion"), and Plaintiff Judith Melford's ("Ms. Melford," "Judith Watkins," or "Plaintiff") Motion for Partial Summary Judgment as to Liability, ECF No. [83], ("Ms. Melford's Motion") (collectively, the "Motions"). The Court has carefully reviewed the Motions, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, Kahane's Motion and the Joint Defense Motion are granted in part and denied in part and Ms. Melford's Motion is granted in part and denied in part.

## I.     BACKGROUND

On April 4, 2018 Ms. Melford filed her Complaint against Defendants for violations of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, breach of contract, and malicious prosecution. ECF No. [1]. The Court dismissed all counts except the

malicious prosecution claim.  *See* ECF No. [53].  Defendants have moved for summary judgment as to the sole remaining claim, arguing that no genuine issue of material fact exists to support the following elements of a claim for malicious prosecution: an absence of probable cause for the original proceeding, malice on the part of Defendants, and damages suffered by Ms. Melford as a result of the original proceeding.  Towd also argues that it was not the legal cause of the original proceeding against Ms. Melford.  Additionally, Defendants contend that they are entitled to summary judgment as to Ms. Melford's claim for punitive damages.  Ms. Melford moved for partial summary judgment as to liability, contending that there are no genuine issues of material fact to refute any element of malicious prosecution.  Additionally, Ms. Melford requests judgment as a matter of law as to two of the Defendants' affirmative defenses: that the impact rule bars recovery for emotional damages and that Ms. Melford is not entitled to punitive damages.

### A.    The Loan Agreement

On November 19, 2007, Plaintiff entered into a loan agreement with Regions Bank d/b/a Regions Mortgage ("Regions Bank") for the purchase of residential property located at 9297 N. Saponaria Drive, Citrus Springs, Florida, where Plaintiff and her now former spouse Michael P. Watkins ("Mr. Watkins") resided.  ECF No. [84] ¶¶ 3-4; ECF No. [78] ¶¶ 1-2.[1]  On April 29, 2008, Plaintiff, Mr. Watkins, and Regions Bank agreed to modify the terms of repayment of the subject debt pursuant to a loan modification agreement ("First Loan Modification").  ECF No. [84] ¶ 5. The First Loan Modification made Mr. Watkins a co-obligor on the subject debt.  *Id.* ¶ 6.

---

[1] To the extent that Plaintiff or Defendants did not dispute portions of Defendants' or Plaintiff's Statement of Material Facts, the Court cites directly to Plaintiff's or Defendants' Statements for ease of reference.

On or about October 7, 2010, Plaintiff and Mr. Watkins divorced.[2]  *Id.* ¶ 7.  On or about

December 27, 2011, Plaintiff deeded all right, title, and interest she had in the property that she

co-owned with Mr. Watkins to him alone.  *Id.* ¶ 8.  On or about April 17, 2012, Plaintiff, Mr.

Watkins, and Regions Bank entered into an agreement to modify the terms of the subject debt

pursuant to another loan modification agreement ("Second Loan Modification").  *Id.* ¶ 16.  The

Second Loan Modification expressly released Plaintiff from her obligation under the subject debt,

stating in relevant part that:

> [Regions Bank d/b/a Regions Mortgage] does hereby consent to the assumption by
> [Michael P. Watkins] of the indebtedness owed subject to the terms, conditions,
> and modifications herein stated and does hereby release [Judith Watkins] from
> obligations under the Note and Security Instrument

*Id.* ¶¶ 17, 18.

### B.      The Foreclosure Action

On or about January 1, 2015, Mr. Watkins defaulted under his obligations under the subject

debt.  ECF No. [84] ¶ 19.  Towd owned the subject debt.  ECF No. [103] ¶ 20.  U.S. Bank is the

trustee of Towd and is tasked to carry out functions on its behalf.  ECF No. [78] ¶ 5.  SPS is an

attorney-in-fact of Towd.  *Id.* ¶ 6.  Kahane was retained by SPS to attempt to collect debts owed

to Towd.  ECF No. [84] ¶ 21.  On March 9, 2016, Kahane's title department obtained a title report

on the Property through Florida Premier Title & Escrow identifying Judith Watkins as a defendant

to be named in a foreclosure action as the note maker and the signor of the mortgage.  ECF No.

[81] ¶¶ 16, 18.   A foreclosure complaint was sent to SPS for verification as part of a package of

documents providing underlying support for the allegations in the complaint.  *Id.* ¶ 20-22.  The

verification package included the Second Loan Modification and an internal SPS form listing Mr.

---

[2] Plaintiff changed her name from Judith Watkins to Judith Melford when she married Jeff Melford ("Mr. Melford") in 2014.  *See* ECF No. [88] at 158:24-159:1, 161:16-17.

Watkins as "Borrower" and leaving "Co-Borrower" blank.  ECF No. [88][3] at 467, 522.  SPS verified the foreclosure complaint.  ECF No. [81] ¶ 23.  Additionally, as a matter of procedure, prior to filing a complaint, various Kahane employees review the complaint and the supporting documents, including the preliminary title report.  ECF No. [78] ¶ 9.

On April 25, 2016, Kahane, on behalf of Towd and U.S. Bank, filed a Verified Complaint to Foreclose Mortgage ("Foreclosure Complaint") against various interested parties including Judith Watkins and Mr. Watkins in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida, Case No. 2016 CA 000336 ("Foreclosure Action").  *Id.* ¶ 8.  Attached to Defendants' Foreclosure Complaint was a copy of original promissory note, the First Loan Modification, and the Second Loan Modification.  ECF No. [84] ¶ 22.  The Foreclosure Complaint alleged that

> 9. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS has defaulted under the Note and Mortgage by failing to pay the January 1, 2015 payment and all subsequent payments due thereafter.
> …
> 12. Defendant(s), JUDITH P. WATKINS A/K/A JUDITH PAULINE WATKINS, owes Plaintiff $193,794.32 that is due on the principal on the Note and Mortgage, together with interests from December 1, 2014, late charges, all costs of collection (including title search expenses for ascertaining necessary parties to this action), and reasonable attorney's fees.

*Id.* ¶ 23.  The Document Control Officer for SPS verified the Foreclosure Complaint's representations, acting as attorney-in-fact for Towd, by U.S. Bank as their trustee.  ECF No. [105] ¶ 24; *See also* ECF No. [54-1] at 7. Pursuant to Fla. R. Civ. P. 1.115, the Officer declared that the facts alleged in the Foreclosure Complaint were true and correct. *Id.*

The fact that Plaintiff had been released from the subject debt was communicated to Kahane on multiple occasions from June 17, 2016 through July 31, 2017.  ECF No. [84] ¶ 42.  On

---

[3] Defendants Towd, U.S. Bank, and SPS's Appendix in Support of Motion for Summary Judgment, Bates stamped 1-1204.

or about June 23, 2016, Ms. Melford sent a letter to Kahane requesting to be dropped as a defendant and stating that Ms. Melford signed a quit claim deed and relinquished her title in the property and referencing the Second Loan Modification. ECF No. [93] at 61:1-14; ECF No. [93-10] (the "June 23, 2016 Letter"). Stephanie Simmonds ("Simmonds"), a Kahane attorney, reviewed the June 23, 2016 Letter. ECF No. [93] at 61:18-23. Thereafter, on or about June 30, 2016, Simmonds sought advice from a Kahane title attorney regarding Ms. Melford's involvement in the foreclosure action and was advised that Judith Watkins needed to remain a named party because she had signed the note. ECF No. [78] ¶ 11.

On June 16, 2017, an Order of Default was entered against Judith Watkins. ECF No. [84] ¶ 31; ECF No. [54-5]. Upon receiving the Order of Default, on or about June 24, 2017, Ms. Melford wrote to the Citrus County Clerk of Court objecting to the entry of the default and forwarding the June 23, 2016 Letter. *Id.* ¶ 32. This objection was placed on the docket by the Citrus County Clerk of Court on June 26, 2017. *Id.* On or about July 6, 2017, Ms. Melford retained Light & Gonzalez, PLLC to represent her in the Foreclosure Lawsuit. *Id.* ¶ 33. On July 14, 2017, Defendants filed a motion for summary judgment and affidavit of indebtedness. ECF No. [84] ¶ 36. Defendants' affidavit of indebtedness included the promissory note Plaintiff originally signed on November 19, 2007 but did not include the Second Loan Modification. *Id.* ¶ 37; ECF No. [54-8]. The Document Control Officer for SPS reviewed and signed the affidavit of indebtedness. ECF No. [88] at 339 ¶¶ 6-13. Ms. Melford's counsel communicated to Simmonds that Ms. Melford was not obligated on the note. ECF No. [93] at 91:18-92:21. On July 31, 2017, Defendants voluntarily dismissed Judith Watkins from the Foreclosure Lawsuit. ECF No. [84] ¶ 38.

Ms. Melford testified that as a result of the Foreclosure Action she spent $35.28 on Federal Express packages, $67.98 on ink cartridges, $10.94 on printing paper, and $9.80 on postage. ECF No. [88] at 195:7-196:22. Ms. Melford also claims non-economic damages, including emotional distress. ECF No. [88] at 233:15-234:6. On or about June 17, 2016, Ms. Melford informed Kahane that she was afraid to appear in the Foreclosure Action because Mr. Watkins had been abusive in the past and made her fear for her life. ECF No. [84] ¶ 26. She also informed Kahane that in order to escape from her abusive ex-husband she had intentionally concealed her whereabouts, moved on multiple occasions and changed her name through a subsequent marriage. *Id.* ¶ 27. Ms. Melford did not lose employment as a result of the Foreclosure Action. ECF No. [81] ¶ 43. Ms. Melford did not see a psychologist, psychiatrist, or counselor as the result of the Foreclosure Action. *Id.* ¶ 44. Ms. Melford has not been prescribed any anxiety or sleep medication as the result of the Foreclosure Action. *Id.* ¶ 45.

## II.   LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763

(11th Cir. 2006).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.  The Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact.  *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'"  *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor.  *Shiver*, 549 F.3d at 1343.  But even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence in the record supports the uncontroverted material facts that the movant has proposed.  *See Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

## III.   DISCUSSION

The Court will address the Motions together.

A.    **Malicious Prosecution**

Under Florida law, Plaintiff must establish six elements to support a claim for the tort of malicious prosecution:  (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.  *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).  Ms. Melford argues that there are no issues of material fact as to any of the elements and the Court can enter partial summary judgment with respect to liability as a matter of law.  Defendants do not contest the first or third elements of a malicious prosecution claim.  However, Towd asserts that Ms. Melford cannot show legal causation, and all Defendants assert that Ms. Melford cannot show the absence of probable cause for the Foreclosure Action, the presence of malice, or that Ms. Melford suffered damages.

1.    *The Foreclosure Action was Commenced or Continued Against Ms. Melford*

The Foreclosure Action against Plaintiff commenced on April 29, 2016.  Defendants acknowledge that the Foreclosure Action was filed but argue that Ms. Melford does not identify any specific acts by SPS, Towd, or U.S. Bank to perpetuate the Foreclosure Action.  To satisfy the first element of a malicious prosecution claim, Ms. Melford must demonstrate that the Foreclosure Action was commenced *or* continued against her.  It is undisputed that the Foreclosure Action was commenced against Plaintiff.  Accordingly, the Court finds that the first element is satisfied as a matter of law.

2.      *Legal Causation*

Towd argues that it was not the legal cause of the Foreclosure Action because the record is devoid of any evidence reflecting affirmative steps taken by Towd to initiate or further the Foreclosure Action. Towd relies on the proposition set forth in *Harris v. Lewis State Bank* that the test to determine legal causation is "whether the defendant's action was the proximate and efficient cause of putting the law in motion." 482 So. 2d 1378, 1381 (Fla. 1st DCA 1986). However, that test applies where the defendant is a third-party, not the entity that brought the lawsuit that is the basis for a malicious prosecution claim. Indeed, *Harris* also states that "legal causation is usually established by the signing of a complaint or affidavit." *Id.* Here, it is undisputed that Towd was a plaintiff in the Foreclosure Action. As the named plaintiff it is necessarily true that Towd was the legal cause of the Foreclosure Action. It is also undisputed that U.S. Bank was a plaintiff in the Foreclosure Action, that SPS verified the Complaint as the attorney-in-fact of Towd, and that Kahane filed the lawsuit. Thus, the Court concludes as a matter of law that Defendants were the legal cause of the action.

3.      *Probable Cause*

To establish probable cause, it is not necessary to show that the instigator of a lawsuit was certain of the outcome of the proceeding, but rather that he had a reasonable belief, based on facts and circumstances known to him, in the validity of the claim." *Wright v. Yurko,* 446 So. 2d 1162, 1166 (Fla. 5th DCA 1984) (footnotes omitted). In other words, the instigator must have had "'[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'" *Goldstein v. Sabella,* 88 So. 2d 910, 911 (Fla. 1956) (quoting *Dunnavant v. State,* 46 So. 2d 871, 874 (Fla. 1950)). "Probable cause in the context of a civil suit is measured by a

lesser standard than in a criminal suit." *Wright,* 446 So. 2d at 1166.  In a malicious prosecution

action against an attorney, "[i]t is the attorney's reasonable and honest belief that his client has a

tenable claim that is the attorney's probable cause for representation, and not the attorney's

conviction that his client must prevail." *C.A. Hansen Corp. v. Wicker, Smith, Blomqvist, Tutan,*

*O'Hara, McCoy, Graham & Lane, P.A.*, 613 So. 2d 1336, 1338 (Fla. 3rd DCA 1993) (internal

quotations and citations omitted).

In *City of Pensacola v. Owens*, the Florida Supreme Court explained that "[w]hat facts and

circumstances amount to probable cause is a pure question of law," while the existence of those

facts or circumstances "in any particular case is a pure question of fact." 369 So. 2d 328, 330 (Fla.

1979) (internal quotation marks omitted).  *See also Endacott v. Int'l Hospitality, Inc.,* 910 So. 2d

915, 922 (Fla. 3rd DCA 2005) (noting that probable cause is a question for the jury when material

facts are in dispute).  Here, the Parties concede that the pertinent facts are not in dispute.  Thus,

probable cause is a question of law for the Court.

Kahane attached the Second Loan Modification to the Foreclosure Complaint, which

expressly released Judith Watkins from her obligations under the loan.  ECF No. [54-1] at 52.  SPS

reviewed the verification package, including the Second Loan Modification, prior to verifying the

Foreclosure Complaint.  Additionally, Ms. Melford advised Kahane in June of 2016 that she had

been released from the subject debt and requested that she be dropped as a defendant in the

Foreclosure Action.  Kahane did not voluntarily dismiss Ms. Melford until July 31, 2017.

Kahane argues that its lawyers had a reasonable and honest belief that its clients had a

tenable claim against Judith Watkins because its lawyers conducted a pre-suit review of

documentation showing that Judith Watkins was the original borrower and owner of the property

that was subject of the Foreclosure Action, reviewed and carefully considered all documentation

10

provided by Ms. Melford during the pendency of the Foreclosure Action, sought assistance from one on-staff lawyer with a specialty in title issues who advised that Judith Watkins needed to remain a defendant, believed there was a legal basis to include Judith Watkins in the Foreclosure Action, and dismissed Judith Watkins from the Foreclosure Action once the determination was made that Plaintiff was not a necessary party.

The Court finds that Kahane, through its attorneys, did not have a reasonable belief that its clients had a tenable claim in the Foreclosure Action.  The Second Loan Modification clearly released Plaintiff from her obligation under the loan.  That the Second Loan Modification was attached to the Foreclosure Complaint filed by Kahane is a sufficient basis for the Court to find that Kahane lacked probable cause.  Further, Ms. Melford notified Kahane on multiple occasions, dating back to June of 2016, that she was not a proper defendant in the Foreclosure Action.  Yet Kahane continued to prosecute the Foreclosure Action for more than one year after receiving Ms. Melford's communication.  The Court is unpersuaded that Simmonds consulting with a second Kahane attorney with a specialty in title issues supports a finding of probable cause.  Kahane may not shield itself from liability for malicious prosecution by one Kahane attorney relying on the advice of another Kahane attorney.

Similarly, it was not reasonable for SPS to believe that Ms. Melford was a proper defendant in the Foreclosure Action because SPS reviewed the Second Loan Modification prior to verifying the Foreclosure Complaint.

As to Towd and U.S. Bank, there is no evidence before the Court that either was aware of the Second Loan Modification or was notified of Ms. Melford's communications with Kahane.  In fact, the record is devoid of any evidence regarding what Towd or U.S. Bank knew at any point in time of the facts and circumstances concerning the claim against Ms. Melford.  Ms. Melford argues

that because SPS was given authority through a limited power of attorney, ECF No. [88] at 543-47, to file foreclosure complaints on behalf of U.S. Bank as trustee for Towd, any knowledge Kahane and SPS had is imputed onto Towd and U.S. Bank.  Ms. Melford offers no support for this argument.[4]  The Court does not agree that Kahane or SPS's knowledge may be imputed to Towd or U.S. Bank for the purpose of a probable cause analysis.  Accordingly, the Court finds that the evidence is insufficient as a matter of law to establish the absence of probable cause as to Defendants Towd and U.S. Bank.

### 4.    Malice

"In an action for malicious prosecution, it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others."  *Alamo Rent-A-Car,* 632 So. 2d at 1357.  "Legal malice, which is also referred to as technical malice or malice in law, 'requires proof of an intentional act performed without justification or excuse.'"  *Olson v. Johnson,* 961 So. 2d 356, 359 (Fla. 2d DCA 2007) (quoting *Reed v. State,* 837 So. 2d 366, 368-69 (Fla. 2002)).  Negligence is insufficient to support an inference of malice.  *Ware v. United States,* 838 F. Supp. 1561, 1563 (M.D. Fla. 1993).

Where lack of probable cause has been established "[t]he determination of the existence or lack of malice is within the province of the jury…"  *Posterity v. S/V Knotta Klu*, No. 2:18-cv-482,

---

[4] "The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan,* 714 F.2d 171, 177 (D.C. Cir. 1983). When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995).  Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

2019 WL 249711, at *5 (M.D. Fla. Jan. 17, 2019) (quoting *Azrikan v. O'Brien*, 173 So. 2d 711, 713 (Fla. 3d DCA 1965)), *reconsideration denied*, No. 2:18-cv-482, 2019 WL 630656 (M.D. Fla. Feb. 14, 2019).  Here, the Court has found as a matter of law that Defendants Kahane and SPS lacked probable cause.  Accordingly, the jury will determine whether Kahane and SPS acted with malice.

### 5. *Damages*

In an action for malicious prosecution, "the plaintiff may recover all damages that are the natural and probable consequences of the action complained of."  *Ware*, 971 F. Supp. 1442 at 1471.  Ms. Melford testified that she incurred $124.00 in out-of-pocket expenses — on Federal Express packages, ink cartridges, printing paper, and postage —because of the Foreclosure Action.  Additionally, Ms. Melford claims non-economic damages for distress associated with being party to a lawsuit in which Mr. Watkins, whom she feared, was also a defendant.  Ms. Melford also claims that her relationship with Mr. Melford suffered because of the Foreclosure Action, and ultimately contributed to his death.

SPS argues that it was not the proximate cause of any of Ms. Melford's claimed damages.  Specifically, as to the out-of-pocket expenses, SPS contends that the costs arose from Ms. Melford's communications with Kahane.  Regarding the claimed non-economic damages, SPS argues that Ms. Melford's emotional state pre-dated the Foreclosure Action and is attributable to other events in her life.  Kahane argues that Ms. Melford's testimony regarding her non-economic damages alone, unsupported by medical bills, is insufficient to create a genuine dispute as to whether the expenses were incurred as a result of the lawsuit.  Kahane also argues that the record

evidence establishes that Ms. Melford caused her own address to be published in the Foreclosure Action.[5]

The Court first addresses SPS's proximate cause argument related to the claimed out-of-pocket expenses. To satisfy the damages element of a malicious prosecution claim, Ms. Melford must establish that she suffered damages as a result of the Foreclosure Action. Ms. Melford need not further prove that the costs resulting from the Foreclosure Action are attributable to any particular Defendant, given that the Court has already found that Defendants were the legal cause of the Foreclosure Action. It is for the jury to determine whether Ms. Melford's claimed out-of-pocket expenses were caused by the Foreclosure Action.

As to the non-economic damages, on summary judgment, the Court will not preclude Ms. Melford from advancing her claim for emotional damages because she suffered prior life events that caused her emotional distress. Ms. Melford testified that as a result of the Foreclosure Action, she became depressed and isolated herself. ECF No. [88] at 233:15-18. Ms. Melford feared that because of the Foreclosure Action her contact information would be exposed to the public and her

---

[5] In its Reply in Support of Motion for Final Summary Judgment, Kahane raises for the first time three arguments pertaining to Ms. Melford's claimed out-of-pocket expenses: that Plaintiff's testimony alone is insufficient to create a genuine dispute as to whether her claimed out-of-pocket expenses were incurred as a result of the lawsuit, Plaintiff failed to mitigate her damages by not seeking to recover her out-of-pocket expenses in the underlying action, and that the economic damages are de minimis and insufficient to support Plaintiff's claim. Accordingly, the Court will not consider these arguments. *See, e.g., Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."); *Lovett v. Ray,* 327 F.3d 1181, 1183 (11th Cir. 2003) ("Because he raises that argument for the first time in his reply brief, it is not properly before us."); *F.T.C. v. IAB Mktg. Associates, LP,* 972 F. Supp. 2d 1307, 1311 (S.D. Fla. 2013) ("[T]hese arguments are forfeited because they were raised for the first time in a reply brief."); *Foley v. Wells Fargo Bank, N.A.,* 849 F. Supp. 2d 1345, 1349 (S.D.Fla.2012) ( "Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered."); *Willis v. DHL Global Customer Solutions (USA), Inc.,* 2011 WL 4737909, at *3 (S.D. Fla. Oct.07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these arguments); *Park City Water Authority, Inc. v. North Fork Apartments,* L.P., 2009 WL 4898354, at *1 n. 2 (S.D. Ala. Dec.14, 2009) (citing cases from 2009 in over 40 districts in which courts acknowledged the rule that arguments raised for the first time in a reply brief are ordinarily not considered).

ex-husband would come after her again.  *Id.* at 233:19-234:6.  To what extent, if any, Ms. Melford's emotional distress can be attributed to the Foreclosure Action as opposed to other events in her life is a jury issue.  Additionally, regardless of how Ms. Melford's address actually became part of the public record, a reasonable jury could find that Ms. Melford suffered emotional distress because of the fear of her address becoming public due to the Foreclosure Action.

Moreover, the Court is unpersuaded that to survive summary judgment Ms. Melford must support her non-economic damages claim with medical records.  Indeed, in malicious prosecution cases, courts have awarded damages for mental anguish caused by the underlying action where the plaintiff did not seek medical treatment.  *See, e.g.*, *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 318 F. Supp. 3d 1328, 1337 (M.D. Fla. 2018).

Ms. Melford may not proceed with her claim that the Foreclosure Action contributed to her husband's death.  Mr. Melford died of a heart attack on December 9, 2017, four months after Ms. Melford had been dropped from the Foreclosure Action.  Additionally, Ms. Melford testified that at the time Mr. Melford had the heart attack there wouldn't have been any stress related to the Foreclosure Action because it had concluded.  ECF No. [88] at 243:22-25.  There is no record evidence that would allow a reasonable jury to conclude that the Foreclosure Action contributed to Mr. Melford's death.  However, Ms. Melford's contention that her relationship with her husband suffered due to the Foreclosure Action is a jury issue.

Defendants also argue that Ms. Melford's request to recover emotional distress damages is barred by the impact rule.  The rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact."  *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995) (quoting *Reynolds v. State Farm Mut. Auto. Ins. Co.,* 611 So. 2d 1294,

1296 (Fla. 4th DCA 1992)).  However, the Florida Supreme Court has stated that "the impact rule does not apply to any intentional torts such as defamation, invasion of privacy, and intentional infliction of emotional distress." *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 206–07 (Fla. 2007). Under Florida law, malicious prosecution is an intentional tort. *See Alamo Rent-A-Car, Inc.*, 632 So. 2d at 1355 ("intentional tort of malicious prosecution").  Thus, the impact rule does not apply to claims for malicious prosecution. *See Holt v. Rowell*, 798 So. 2d 767, 772 (Fla. 2nd DCA 2001) ("the tort of malicious prosecution avoids application of the impact rule because it requires a showing of malice"), *decision approved in part, quashed in part*, 850 So. 2d 474, 483 (Fla. 2003) (Anstead, J., specially concurring) (plaintiff "would have been entitled [to damages for emotional distress] if the underlying cause of action had been for malicious prosecution or false imprisonment rather than for wrongful incarceration directly resulting from his attorney's negligence")

Accordingly, the Court finds as a matter of law that Ms. Melford has established that she suffered damages as a result of the Foreclosure Action.  Additionally, the Court grants Ms. Melford's Motion regarding Defendants' affirmative defense that the impact rule bars recovery for emotional damages.

### B.   <u>Punitive Damages</u>

"Under Florida law, '[a] defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence.'"  *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010) (quoting Fla. Stat. § 768.72(2)).  Under § 768.72(3), punitive damages may be imposed against a corporation "based on the actions of an employee of the corporation only if that employee was guilty of intentional misconduct or gross negligence *and* one of the following is true: (a) the corporation actively and knowingly participated in such

conduct; (b) the officers, directors, or managers of the corporation knowingly condoned, ratified, or consented to such conduct; or (c) the corporation engaged in conduct that constituted gross negligence." *Black v. Kerzner Int'l Holdings Ltd.*, 958 F. Supp. 2d 1347, 1352 (S.D. Fla. 2013).

Kahane contends that there is no record evidence that the law firm or its officers participated in, condoned, ratified, or consented to the decision to name or maintain Ms. Melford in the Foreclosure Action or otherwise engaged in gross negligence. SPS argues that the record evidence established that naming and maintaining Ms. Melford in the Foreclosure Action was a good faith mistake at worst.

The Court disagrees. There is record evidence based upon which a reasonable jury could conclude that Kahane and SPS engaged in conduct that constituted gross negligence. Kahane, a law firm, filed the Foreclosure Action against Ms. Melford despite possessing the Second Loan Modification which expressly released Ms. Melford from her obligations under the note. SPS, a mortgage loan servicer, verified the Foreclosure Complaint after reviewing the Second Loan Modification. When viewing the evidence in a light most favorable to Ms. Melford, a reasonable jury could conclude that Kahane and SPS had inadequate controls in place to prevent illegitimate foreclosure lawsuits from being filed against the wrong individuals. *See Godin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1215 (M.D. Fla. 2015) (awarding punitive damages in FCCPA case where court found bank grossly negligent in creating a system with inadequate controls and with no way for customers to bring errors to the attention of bank). Given the disputed issues of fact surrounding Plaintiff's entitlement to punitive damages, summary judgment on this claim must be denied. *See Dix v. United Parcel Serv., Inc.*, No. 04-14358-CIV, 2006 WL 5100537, at *1 (S.D. Fla. June 28, 2006) (declining to reconsider denial of judgment on punitive damages and noting

that because the inquiry as to punitive damages is "fact intensive," the inquiry "is best conducted after the facts of th[e] case are presented to a jury").

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Kahane's Motion for Final Summary Judgment, **ECF No. [77]**, is **GRANTED in part and DENIED in part**.

2.  Defendants Towd, U.S. Bank, and SPS's Motion for Final Summary Judgment, **ECF No. [80]**, is **GRANTED in part and DENIED in part**.

3.  Plaintiff Ms. Melford's Motion for Partial Summary Judgment as to Liability, **ECF No. [83]**, is **GRANTED in part and DENIED in part**.

4.  Summary judgment is entered in favor of Defendants Towd and U.S. Bank as to the probable cause element of the Malicious Prosecution claim.  Final Judgment as to Towd and U.S. Bank will be entered by separate order.

5.  Summary judgment is entered in favor of Plaintiff Ms. Melford against Kahane and SPS as to the first, second, third, fourth, and sixth elements of the Malicious Prosecution claim.  The Court finds as a matter of law that the Foreclosure Action against Ms. Melford was commenced or continued; Kahane and SPS were the legal cause of the Foreclosure Action; the termination of the Foreclosure Action constituted a bona fide termination of that proceeding in favor of Ms. Melford; Kahane and SPS lacked probable cause for the Foreclosure Action; and Ms. Melford suffered damages as a result of the Foreclosure Action.   Additionally, summary judgment is entered in favor of Plaintiff Ms. Melford as to Defendants' affirmative defense that the impact rule bars recovery for emotional damages .

Case No. 18-cv-60881-BLOOM/Valle

6.  Summary judgment is denied as to Plaintiff's claim for punitive damages.

Damages may be recoverable consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 29, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record